UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID CLOWDER | CIVIL ACTION |
| VERSUS | NO. 25-1203 |
| DUPRE BROTHERS CONSTRUCTION COMPANY, INC. | SECTION R |

**ORDER & REASONS**

Before the Court is plaintiff David Clowder's unopposed motion to continue trial and all outstanding deadlines.[1] For the following reasons, the Court grants the motion.

## I. LEGAL STANDARD

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] scheduling order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (citation modified). Whether to grant or deny a continuance is within the sound discretion of the trial court. *United States v. Alix*, 86 F.3d 429, 434 (5th Cir.

---

1 R. Doc. 20.

1996). In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide, for . . . [it] must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (quoting *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549–50 (5th Cir. 2000) (citation modified)).

## II. DISCUSSION

In his motion to continue, plaintiff argues that his medical condition will not be sufficiently evaluated and treated prior to trial. As a result, the extent of damages will not be known by the time of trial, and expert witnesses will not be able to fully evaluate plaintiff's medical condition and level of disability.[2] Plaintiff states that his medical provider anticipates that he will reach maximum medical improvement within the next six to sixteen months.[3]

The Court finds that these reasons constitute good cause for a continuance of trial. Because plaintiff's medical condition will be uncertain at the time of trial, the parties cannot reasonably meet the deadlines in this case, despite their diligence. The Court therefore grants the motion to

---

2 R. Doc. 20-1 at 2.
3 *Id.* at 1–2.

continue trial and all unexpired deadlines. The Court orders a scheduling conference to reset the deadlines.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to continue proceedings. The new scheduling conference will be held **BY TELEPHONE** on **September 22, 2026, at 10:00 am**. All deadlines established in the scheduling order on May 27, 2026, are reset. The parties shall call in for the teleconference using phone number (833) 990-9400 and access code 124518418. The Court will be represented by its Case Manager.

New Orleans, Louisiana, this 20th day of August, 2026.

Sarah Vance

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE